**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DANIEL HEMPHILL**                                                               **PETITIONER**

**v.**                                                 **CIVIL ACTION NO. 3:10cv256-TSL-MTP**

**STATE OF MISSISSIPPI, et al.**                                        **RESPONDENTS**

## REPORT AND RECOMMENDATIONS

This matter is before the Court on the *pro se* petition of Daniel Hemphill for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the petition, the [14] answer, the record, and the applicable law, the undersigned is of the opinion that the petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be dismissed without prejudice.

## PROCEDURAL HISTORY

Petitioner was convicted of receiving stolen property in the Circuit Court of Madison County, Mississippi following entry of a guilty plea to that charge. The Judgment of Conviction and Sentence was filed May 12, 2009. Petitioner was sentenced to a term of ten (10) years in the custody of the Mississippi Department of Corrections, with four (4) years to be served in prison and, upon release after the service of this 4 years, to be subject to five (5) years of supervised post-release supervision. [11]-1.

Attached to the [1] Petition is an undated Motion for Post-Conviction Collateral Relief apparently filed in the Circuit Court of Madison County.[1] Also attached to the Petition is a Judgment of Dismissal signed and filed March 8, 2010 dismissing the motion for post-conviction relief and reciting that "it plainly appears from the face of the . . . motion that petitioner is not

---

[1] The Madison County Circuit Court's docket shows the Motion for Post-Conviction Relief was filed February 24, 2010. [14]-2.

entitled to any relief and . . . that such motion should be dismissed pursuant to Miss. Code Ann. § 99-39-11(2)." Petitioner did not seek further review by a higher state court. [1] at p. 2 of 31.[2]

Petitioner filed his [1] petition for writ of habeas corpus in this Court on or about May 4, 2010. The grounds asserted by Petitioner are as follows:[3]

**Ground One**: **The statute of limitation for prosecution had expired**

**Ground Two: None**

**Ground Three: The window of time from the point of indictment to the date of trial was 3 years and 1 day exceeding the state statute 99-1-5 by 1 year and 1 day**

## ANALYSIS

As the petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or

---

[2]In another section of the Petition, Petitioner marked "Yes" to the question "Did you appeal from the denial of your motion or petition?", but then wrote "N/A" for other parts seeking information on post-conviction proceedings. This Court can find no record of such an appeal, and Respondent maintains that "the records of the Madison County Circuit Clerk's Office and the Mississippi Supreme Court Clerk's Office confirm, that no appeal was taken to the state's highest court from the trial court's decision."

[3]There is nothing written adjacent to Ground One in the Petition; next to Ground Two is written None; and nothing is written next to Ground Three in the Petition. The language used for each ground is found in the supporting facts section under Grounds One and Three.

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must first exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Applicants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan*, 526 U.S. at 844-45. This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* (citations omitted).

Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the

3

petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). *See also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Respondent asserts that Petitioner has not exhausted his remedies in state court. In his Petition, Petitioner attempts to excuse his failure to appeal to the Mississippi Supreme Court by stating that he does "not hav[e] the legal expertise to properly draft and argue issues within the time frame allowed and [is] disabled from having the essential elements of the law due to the institution not providing it." [1] at p. 5 of 31. *See also id.* ("Being in a facility that did not effectively assist me to obtain what was necessary to proceed."); *id.* at p. 7 of 31 ("My ability to effectively draft a favorable petition was and is hindered by the facility in which I'm house[d] and the legal resources to fu[r]ther the process of legal work in forma pauperis."); *id.* at p. 9 of 31 ("Being in a facility (SMCI/Leaks [sic] County Regional Facility) that would not and could not effectively assist me to proceed or exhaust these remedies . . . My appeal was done in forma pa[u]per[i]s and guilt of the charge was not the issue, it's the statu[t]e of limitations being expired.");[4] *id.* at p. 10 of 31 ("Again simply not having sound legal assistance . . . Not capable of effectively drafting a[n] effective petition.").

This Court agrees with Respondent that Petitioner has not exhausted his state court remedies. Petitioner has made no showing of good cause for his failure to exhaust those

---

[4]Petitioner repeatedly refers to the statute of limitations expiring on the crime with which he was charged and to which he pled guilty. The indictment, which was presented approximately May 23, 2006, charges him with an offense committed on or about November 29, 2005. [1] at p. 24 of 31. While it appears that the statute of limitations, which Petitioner alleges is two years, did not bar the prosecution, Petitioner may be arguing that his right to a speedy trial was violated. The two events by which he calculates the statute of limitations are the date of the indictment and his sentencing date.

remedies. *See McIntyre v. Quarterman*, 2009 WL 1563516 (N.D. Tex. 2009) (holding that "pro se status, ignorance of the law, or limited access to the law library [does not] constitute[] 'good cause' for petitioner's failure to exhaust his state remedies"). Petitioner was able to file a Motion for Post-Conviction Relief in state court[5] and the instant petition in this Court.[6]

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that the relief sought in Daniel Hemphill's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied and that the Petition be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district

---

[5]The grounds he raised in the state trial court are that the statute of limitations had expired on the said charge of receiving stolen property (§ 97-17-70) pursuant to Miss. Code Ann. § 99-1-5 and that his counsel was ineffective in various respects.

[6]Because of the Court's recommended disposition on the exhaustion ground, it is unnecessary to address Respondent's assertion that Petitioner's claims are procedurally barred.

5

court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[7]

THIS the 5th day of April, 2012.

s/Michael T. Parker<br>
United States Magistrate Judge

---

[7]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.