```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
                JACKSON DIVISION
```

DANIEL HEMPHILL                                        PETITIONER

VS.                            CIVIL ACTION NO. 3:10CV256TSL-MTP

RONALD KING, SUPERINTENDENT, ET AL.                   RESPONDENTS

### ORDER

This cause is before the court on the partial objection of respondents to the magistrate judge's report and recommendation entered on April 5, 2012. Having reviewed respondents' submission, the court now concludes that the objection is well taken and that the report and recommendation should be adopted with the following modification:

By his petition, Hemphill urges that his conviction should be set aside because the statute of limitation had expired. Hemphill may additionally be attempting to present a claim that his right to a speedy trial was violated. While the petition in this court appears to recite both that Hemphill did and did not raise these issues to the Mississippi Supreme Court on direct appeal, respondents point out that there is no record of Hemphill having filed an appeal following the entry of his guilty plea.[1]

---

[1] It appears to the court that Hemphill erroneously believes that his February 2010 motion for post-conviction relief constituted an appeal of his guilty plea.

In February, 2010, Hemphill did file a motion for post-conviction relief in the trial court, whereby he raised the limitations issue and the putative speedy trial claim.  His motion was denied by the trial judge on March 8, 2010 and was, admittedly, not appealed.  Accordingly, because Hemphill has not presented these claims to the Mississippi Supreme Court, as the magistrate judge correctly concluded, Hemphill has failed to exhaust his state remedies.  See 2254(d); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998)(exhaustion requirement is satisfied when the claim has been fairly presented to highest state court); and Miss. R. App. P. 4(a).

Morever, even if Hemphill were to return to state court to attempt to exhaust his state remedies, it is manifest that the state court would find his attempt to be procedurally barred because Hemphill did not timely seek an appeal of the trial court's dismissal of his motion for post-conviction relief.  See Miss. R. App. P. 4; see Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  Accordingly, Hemphill's claims are procedurally defaulted and thus barred from federal habeas review and subject to dismissal with prejudice.  See Magourik v. Phillips, 144 F.3d 348, 360 (5th Cir. 1998); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).[2]

---

[2]   In so finding, the court concludes that petitioner has failed to demonstrate cause and prejudice for his failure to

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate Michael T. Parker entered on or about April 5, 2012, be, and the same is hereby, adopted as the finding of this court with the foregoing modification.

It is further ordered that a certificate of appealability should not issue.  Petitioner has failed to show that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this  24th  day of May, 2012.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

exhaust his state remedies.  Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005).  Moreover, Hemphill has not suggested that a fundamental miscarriage of justice would result from failure to review his claims. Hughes v. Quarterman, 530 F.3d 336. 341-42 (5th Cir. 2008).